

**IT IS ORDERED as set forth below:**

**Date: July 13, 2026**

_____
**Paul Baisier**
**U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

| | |
|---|---|
| IN RE: | |
| **MARCUS LEON SMOOT**, | CASE NUMBER **25-10177-PMB** |
| | CHAPTER 7 |
| Debtor. | |
| **TRACY BURTON**, | |
| Movant, | ADVERSARY PROCEEDING |
| v. | **25-1006-PMB** |
| **MARCUS LEON SMOOT**, | |
| Respondent. | |

**ORDER AND NOTICE (I) GRANTING IN PART**
**AND DENYING IN PART MOTION FOR SUMMARY**
**JUDGMENT AND (II) SETTING PRETRIAL CONFERENCE**

This matter is before the Court on the above-named movant's (the "Movant") *Motion for*

*Summary Judgment, Incorporating Memorandum* filed on April 20, 2026 (Docket No. 13)(the

"Motion"). The above-named Debtor (the "Debtor") filed his *Response in Opposition to Plaintiff's Motion for Summary Judgment* on April 29, 2026 (Docket No. 15)(the "Response").

### Procedural Background

The Movant commenced this matter (the "Adversary Proceeding") by filing a *Complaint to Determine Dischargeability of Debt* against the Debtor on May 6, 2025 (Docket No. 1)(the "Complaint"). In the Complaint, the Movant seeks to have a judgment debt owed to her determined to be nondischargeable. In response to the Complaint, on May 29, 2025, the Debtor filed his *Answer/Defenses to Plaintiff's Complaint* (Docket No. 3)(the "Answer"). On February 20, 2026, because the discovery period in this case had expired and no pretrial order had been timely submitted, the Court entered an *Order and Notice Scheduling Trial of Adversary Proceeding with Pretrial Order Deadline*, setting this matter for trial on April 15, 2026 (Docket No. 9). Before the scheduled trial date, however, the parties communicated to the Court that they had agreed the matter could be resolved through the submission of motions for summary judgment, and so on April 13, 2026, the Court entered an *Order Cancelling Trial and Notice of Deadline for Filing Motion for Summary Judgment*, canceling the scheduled trial and setting an April 20, 2026, deadline for the parties to file motions for summary judgment and a May 4, 2026, deadline to respond to any filed motion for summary judgment (Docket No. 11). The Movant and the Debtor filed the Motion and Response timely. On the same day she filed the Motion, the Movant filed her *Statement of Undisputed Facts* (Docket No. 14)(the "Statement of Facts") to support the Motion.

The Complaint includes three (3) counts. In Count I, the Movant seeks a determination that a certain judgment debt as described below and owed by the Debtor is excepted from discharge under 11 U.S.C. § 523(a)(2)(A). In Count II, the Movant seeks a determination that the same judgment debt is excepted from discharge under § 523(a)(4). In Count III, the Movant seeks an

award of attorneys' fees under O.C.G.A. § 13-6-11. The Movant seeks summary judgment on Counts I and II in the Motion.

### Factual Background

On August 8, 2017, the Movant filed a complaint (the "Original Complaint") against the Debtor and The Smoot Group, LLC in the Superior Court of DeKalb County, Georgia (the "Superior Court"), initiating Case Number 17CV8525 (the "State Court Litigation"). The Original Complaint included nine (9) counts, including fraud and breach of fiduciary duty, among others. It is undisputed that the Debtor failed to answer the Original Complaint in the State Court Litigation. The Movant thereafter filed a motion for summary judgment in the State Court Litigation, supported by affidavits addressing the merits of her claims, which was served on the Debtor and to which the Debtor did not respond. On January 10, 2019, the Superior Court entered a default judgment as to liability against the Smoot Group, LLC and the Debtor (the "Default Judgment"), and ordered all parties to appear on February 14, 2019, for a hearing on damages. The Debtor did not appear at that hearing.

On February 14, 2019, after holding a hearing on damages, the Superior Court entered a final judgment in the State Court Litigation (the "Final Judgment"), granting judgment against The Smoot Group, LLC for breach of contract in the sum of $132,500.00, and separately granting summary judgment against the Debtor personally for fraud in the sum of $132,500.00, plus prejudgment interest of $28,370.49, and against the Debtor for breach of fiduciary duty in the sum of $20,830.45, plus attorney's fees of $15,310.85 and post-judgment interest. The Movant attempted to enforce the Final Judgment to no avail, and the Debtor's failure to engage in post-judgment discovery ultimately resulted in the Superior Court entering an *Order Granting*

3

*Plaintiff's Motion for Contempt of Court* on October 11, 2022. Finally, on February 6, 2025, the Debtor filed the above-captioned Chapter 7 case, staying the Final Judgment enforcement proceedings.

### Applicable Law

### I.      Summary Judgment

Summary judgment may be granted pursuant to Federal Rule of Civil Procedure ("FRCP") 56, applicable herein under Federal Rule of Bankruptcy Procedure ("Rule") 7056, "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In deciding a motion for summary judgment, the court "is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The initial burden of proving the absence of a dispute as to any material fact rests with the moving party. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). To carry its burden, the moving party must identify "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)(internal quotations omitted). If the moving party has identified those materials demonstrating the absence of a genuine issue of material fact, the non-moving party cannot rest on mere denials or conclusory allegations, but must go beyond the pleadings and designate, through proper evidence such as by affidavits or personal knowledge or otherwise, specific facts showing the existence of a genuine issue for trial. *See* Fed. R. Civ. P. 56(c) and (e); *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Johnson v. Fleet Finance Inc.*, 4 F.3d 946, 948-49 (11th Cir. 1993); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115-16 (11th Cir. 1993). All reasonable doubts should be resolved in favor of the nonmoving party, and "[i]f reasonable minds could differ

4

on any inferences arising from undisputed facts, summary judgment should be denied." *Twiss v. Kury*, 25 F.3d 1551, 1555 (11th Cir. 1994)(citing *Mercantile Bank & Trust v. Fidelity & Dep. Co.*, 750 F.2d 838, 841 (11th Cir. 1985)).

## II.    Collateral Estoppel

The doctrine of collateral estoppel is designed to prevent the re-litigation of any issue that was necessarily adjudicated in prior litigation. *See In re Bilzerian*, 100 F.3d 886, 892 (11th Cir. 1996). The United States Supreme Court has also recognized that issue preclusion applies in dischargeability actions. *Grogan v. Garner*, 498 U.S. 279, 284, n.11 (1991). Under this doctrine, in reviewing a prior judgment from another court, federal courts must accord the judgment the same preclusive effect as it would be allowed under the law of the jurisdiction in which the judgment was decided. *In re Wilder*, 2022 WL 4002261, *3 (Bankr. N.D. Ga. Sept. 1, 2022) (citing *In re Lowery*, 440 B.R. 914, 921 (Bankr. N.D. Ga. 2010)). This Court, therefore, turns to Georgia law to determine the preclusive effect of the Final Judgment against the Debtor.

The Eleventh Circuit has held that the following elements must be satisfied for application of collateral estoppel under Georgia law:

> A party seeking to assert collateral estoppel under Georgia law must demonstrate that (1) an identical issue, (2) between identical parties, (3) was actually litigated and (4) necessarily decided, (5) on the merits, (6) in a final judgment, (7) by a court of competent jurisdiction.

*Community State Bank v. Strong*, 651 F.3d 1241, 1264 (11th Cir. 2011). The party seeking application of collateral estoppel bears the burden of proving these elements have been met. *In re McWhorter*, 887 F.2d 1564, 1566 (11th Cir. 1986).

## III.    Non-Dischargeability Under § 523(a)(2)(A)

Under 11 U.S.C. § 523(a)(2)(A), a claim is excepted from discharge to the extent it was obtained by "false pretenses, a false representation, or actual fraud." To prevail on a claim under

5

Section 523(a)(2)(A), a creditor must establish that the debtor "'obtained money, property or credit from the Plaintiff: (1) by false representation, pretense, or fraud; (2) knowingly made or committed; (3) with the intent to deceive or to induce acting on same; (4) upon which the Plaintiff actually and justifiably relied; and (5) from which the Plaintiff suffered damages, injury or loss as a proximate result.'" *Invest Atlanta Reg'l Center, LLC v. Smith (In re Smith)*, 578 B.R. 866, 875 (Bankr. N.D. Ga. 2017)(citations omitted).

## IV.   Nondischargeability Under § 523(a)(4)

Under 11 U.S.C. § 523(a)(4), a debt is excepted from discharge to the extent it arises from "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." To establish nondischargeability under this provision, a creditor must demonstrate that the debtor held a position as a fiduciary, that the claim arose while the debtor was acting in that fiduciary capacity, and that the debtor's conduct rose to the level of fraud or defalcation. *Caitlin Energy, Inc. v. Rachel (In re Rachel)*, 527 B.R. 529, 540 (Bankr. N.D. Ga. 2015).

## Analysis

*§ 523(a)(2)(A) - Fraud*

The Movant argues that the Final Judgment conclusively establishes each of the elements of Section 523(a)(2)(A) under the doctrine of collateral estoppel. In determining whether collateral estoppel applies here, the Court addresses each of the seven (7) *Community State Bank* collateral estoppel elements in turn. 651 F.3d at 1264.

The first two (2) elements, identity of the parties and identity of the issues, are satisfied. The Movant and the Debtor were both parties to the State Court Litigation and are both parties to this Adversary Proceeding. As to the issues, in the Original Complaint, the Movant specifically alleged that the Debtor made knowing and intentional misrepresentations to induce her to invest

6

$50,000.00 in a trucking venture, that those representations were false when made, and that the

Debtor had no intention of performing as promised. Those allegations align with the elements of

§ 523(a)(2)(A), and the issue of the Debtor's fraudulent conduct is the same issue now before this

Court.[1] As such, the first two (2) elements are satisfied.

The third element, whether the issues were actually litigated, is the most contested. The

Debtor argues that because the State Court Litigation was resolved by default rather than a trial on

the merits, the issues underlying the Final Judgment were never actually litigated. That is not

correct. Under Georgia law, a default judgment may be recognized as a judgment on the merits

and accorded preclusive effect. *Wangai v. Stephens-Johnson (In re Stephens)*, 2019 WL 1421170,

at *4 (Bankr. N.D. Ga. Mar. 27, 2019) (citing *McKelvy v. Murray*, 2009 WL 6527593, at *2 (Bankr.

N.D. Ga. Sept. 18, 2009)); *Butler v. Home Furnishing Co.*, 163 Ga. App. 825, 825, 296 S.E.2d

121, 122 (1982) (citing *Fierer v. Ashe*, 147 Ga.App. 446, 249 S.E.2d 270 (1978)). A default

judgment is afforded preclusive effect where the defaulting party had adequate notice of the

proceedings and was afforded the opportunity to participate in their determination. *See In re

Wilder*, 2022 WL 4002261, at *4 (Bankr. N.D. Ga. Sept. 1, 2022). That standard is satisfied here.

The record reflects that the Debtor was served with the Original Complaint, was served with the

Movant's motion for summary judgment and supporting affidavits in the State Court Litigation and

was specifically ordered by the Superior Court to appear at the February 14, 2019 damages hearing.

The Debtor does not contest that he received notice of any of these events as they occurred, nor

does he offer any evidence to the contrary. Here, in addition to the Default Judgment, the Superior

---

[1] The Debtor asserts in the Response that because the Original Complaint asserts nine (9) theories of liability that the Final Judgment cannot be given preclusive effect because it cannot be determined under which theory relief was granted. *See In re May*, 518 B.R. 99, 122 (Bankr. S.D. Ga. 2014) (citing *In re St. Laurent*, 991 F.2d 672, 676 (11th Cir. 1993)). However, that argument does not survive even a cursory review of the Final Judgment, which renders specific judgment for specific amounts against specific parties as to specific counts of the Original Complaint.

Court held a hearing on February 14, 2019, at which the Movant presented evidence of her damages, and then entered the Final Judgment, finding the Debtor personally liable for fraud. Therefore, the issues determined by the Superior Court were actually litigated and the third element of the collateral estoppel analysis is satisfied.

The fourth and fifth elements, that the issues were necessarily decided and on the merits, are both satisfied. The Final Judgment distinguished between the Debtor and The Smoot Group, LLC in a meaningful way. The Superior Court differentiated between the two defendants, entering judgment against The Smoot Group, LLC for breach of contract while separately and specifically entering summary judgment against the Debtor personally for fraud. That deliberate distinction shows that the finding of fraud was essential to the outcome as to the Debtor personally, and not merely incidental to a broader or ambiguous award. *See Community State Bank,* 651 F.3d at 1268 (noting that the "necessarily decided" requirement "prevents judgments that rest on ambiguous grounds from having issue preclusive effect"); *see also In re St. Laurent*, 991 F.2d 672, 676 (11th Cir. 1993) (explaining that generally "[i]f the judgment fails to distinguish as to which of two or more independently adequate grounds is the one relied upon, it is impossible to determine with certainty what issues were in fact adjudicated"). The Superior Court could not have entered the specific relief it did against the Debtor without deciding that he committed fraud and that the damages awarded arose from that fraud. As to the fifth element, Georgia law recognizes a default judgment as a judgment on the merits, and the Final Judgment here was entered following a complaint, motion for summary judgment, and a hearing on damages. *See Wangai*, 2019 WL 1421170, at *4; *Butler*, 163 Ga. App. at 825, 296 S.E.2d at 122. Therefore, the fourth and fifth elements are satisfied.

8

The sixth and seventh elements, that the Final Judgment was a final judgment entered by a court of competent jurisdiction, require little discussion. The sixth element is satisfied because the Final Judgment was entered on February 14, 2019, has never been appealed or set aside, and is a final judgment. *See* OCGA § 9–11–54(b); *Cherry v. Hersch*, 193 Ga. App. 471, 472, 388 S.E.2d 64, 65 (1989) (holding that a judgment is final when it "shows by its language ('Final Judgment… enter final judgment…') a clear intent… that the order be final").  The seventh element is satisfied because the Superior Court is a court of competent jurisdiction, and the Debtor does not contest otherwise. As such, both of these elements are satisfied.

All seven (7) elements of collateral estoppel under Georgia law having been established, the factual findings underlying the Final Judgment are entitled to collateral estoppel effect. Although collateral estoppel may preclude factual issues from being relitigated, the ultimate determination of whether a debt is excepted from discharge remains a legal question for this Court. *In re Rachel*, 527 B.R. 529, 539 (Bankr. N.D. Ga. 2015). Under Georgia law, the tort of fraud requires: "(1) a false representation made by the defendant; (2) which the defendant knew was false; (3) made with an intent to deceive the plaintiff; (4) justifiable and detrimental reliance by the plaintiff on such representation; and (5) damages suffered by the plaintiff as a result." *In re Camacho*, 411 B.R. 496, 505 (Bankr. S.D. Ga. 2009) (citing *Crawford v. Williams*, 258 Ga. 806, 806, 375 S.E.2d 223, 224 (1989)). These requirements are sufficiently identical to the elements required for a showing of fraud pursuant to 11 U.S.C. § 523(a)(2)(A). *Sterling Factors, Inc. v. Whelan (In re Whelan)*, 245 B.R. 698, 705-06 (N.D. Ga. 2000). Accordingly, the Superior Court's specific finding of fraud against the Debtor personally satisfies the elements of § 523(a)(2)(A), and the debt of $132,500.00, plus the applicable interest as provided in the Final Judgment, is therefore non-dischargeable under 11 U.S.C. § 523(a)(2)(A).

*§ 523(a)(4) – Breach of Fiduciary Duty*

The Movant argues that the Final Judgment's finding of breach of fiduciary duty against the Debtor has preclusive effect as to her claim under § 523(a)(4). Here, the Movant is incorrect.

The problem with the Movant's § 523(a)(4) claim is that the identity of issues prong of the collateral estoppel analysis is not satisfied.[2] The concept of a "fiduciary" under § 523(a)(4) is a matter of federal law, and the Eleventh Circuit has construed it narrowly to encompass only relationships involving an express or technical trust. *Quaif v. Johnson*, 4 F.3d 950, 953 (11th Cir. 1993). The fiduciary relationship recognized by the Superior Court in the Final Judgment, on the other hand, was grounded in Georgia's broader standard, which encompasses confidential relationships of trust and confidence that fall short of the express or technical trust required under federal law.[3] Because the issue decided by the Superior Court, whether the Debtor breached a fiduciary duty under Georgia law, is not identical to the issue this Court must decide for purposes of nondischargeability under § 523(a)(4), collateral estoppel does not apply.

---

[2] The Debtor nowhere makes this argument. *See* Response, *passim*. The Court nevertheless must consider whether the elements of collateral estoppel are in fact satisfied. To the extent that the Movant believes this conclusion is in error, she may seek reconsideration on this point, since she was not otherwise provided an opportunity to file a reply to address this argument. *See* Federal Rule of Civil Procedure 56(f)(2), made applicable herein by Federal Rule of Bankruptcy Procedure 7056.

[3] Under Georgia law, a confidential relationship, which may give rise to a fiduciary duty, arises where one party is "so situated as to exercise a controlling influence over the will, conduct, and interest of another," or "where, from a similar relationship of mutual confidence the law requires the utmost good faith." *King v. King*, 316 Ga. 354, 357-58, 888 S.E.2d 166, 169 (2023) (citing O.C.G.A. § 23-2-58). This definition naturally encompasses a wide variety of relationships, and the precise contours of a fiduciary's duties will vary depending on the type of relationship and the particular facts at hand. *Id*. The federal standard under § 523(a)(4), however, is considerably narrower. As the Eleventh Circuit explained in *Quaif*, the traditional meaning of fiduciary under state law, encompassing duties of loyalty, good faith, and fair dealing, is too broad for purposes of § 523(a)(4), and only relationships involving an express or technical trust, where the debtor holds specific property or funds for the benefit of another under a formal legal obligation resembling that of a trustee, will qualify. *Quaif*, 4 F.3d at 953. The Superior Court's finding that the Debtor breached a fiduciary duty to the Movant was necessarily grounded in Georgia's broader standard given the nature of their relationship, but that finding does not resolve whether a qualifying trust relationship existed under the narrower federal standard. *See In re Thompson*, No. 18-69638-PMB, 2020 WL 2048006 (Bankr. N.D. Ga. Apr. 28, 2020).

10

## Conclusion

The Movant has established that all seven (7) elements of collateral estoppel under Georgia law are satisfied as to her claim under 11 U.S.C. § 523(a)(2)(A), and that the debt arising against the Debtor under the Final Judgment for fraud of $132,500.00 plus interest is non-dischargeable under that provision. As to her claim under 11 U.S.C. § 523(a)(4), however, the identity of issues prong of collateral estoppel is not satisfied because the fiduciary relationship recognized by the Superior Court in the Final Judgment is not the same issue as whether the Debtor held an express or technical trust for purposes of § 523(a)(4).

Accordingly, in light of the foregoing and after review of the Complaint, the Motion, the Statement of Facts, the Response, and the docket, it is hereby

**ORDERED** that the Motion is **GRANTED** as to Count I of the Complaint, and the debt of $132,500.00, plus applicable interest as provided in the Final Judgment, is non-dischargeable under 11 U.S.C. § 523(a)(2)(A). It is further

**ORDERED** that the Motion is **DENIED** as to Count II of the Complaint. It is further

**ORDERED AND NOTICE IS HEREBY GIVEN** that the Court will hold an **in-person** pretrial conference as to the remaining counts in the Complaint on the 16th day of September, 2026, commencing at 11:15 AM in the 2nd Floor Courtroom, at the Lewis R. Morgan Federal Building and United States Courthouse, 18 Greenville Street, Newnan, Georgia 30263.

The Clerk's Office is directed to serve a copy of this Order upon counsel for the Debtor, counsel for the Movant, the Chapter 7 Trustee, and the United States Trustee.

**[END OF DOCUMENT]**